# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MAURICE CHAPMAN, SR.,

                                              :

        Petitioner,                         Case No. 1:11-cvc-560

                                              :         District Judge William O. Bertelsman

        -vs-                                 Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
  Institution,

                                              :

        Respondent.

---

## REPORT AND RECOMMENDATIONS

---

This is a habeas corpus case brought by Petitioner to obtain relief from his conviction in the Hamilton County Common Pleas Court on two counts of felonious assault.

Although the standard form on which habeas petitioners are required to plead their case provides places for a petitioner to state what constitutional rights he believes are violated by his conviction, Mr. Chapman does not actually do this. Instead he pleads "supporting facts" for each of three blank claims for relief, as follows:

> **GROUND ONE:**
> **Supporting Facts:** No weapon was used or found. Officer Metz testified "No blood or weapon was found." This alleged box cutter was given "four different colors" by alleged victim. I didn't arrive until "4:35 p.m." and this contradicts that States witnesses, who contradicted each other.
>
> **GROUND TWO:**
> **Supporting Facts:** (1) Never went to arraignment, even though, Judge stated "I did." (2) Sat in the Hamilton County Justice Center from October 17, 2009 until July 7, 2011. Counsel (trial) was

1

ineffective. (3) No weapon; no blood; contradiction and perjury by
State's two witnesses.

**GROUND THREE:**
**Supporting Facts:** Police report and medical record contradicted
the time, the State's witnesses testified this fight occurred. I had all
of the documents in my possession, however, trial counsel refused
to use all the documents I had and still have.

**GROUND FOUR:**
**Supporting Facts:** Bobby Turney (alleged victim) and Jalessa Hill
gave to [sic] many contradictions during trial.   Like the time of
arrival to place this incident was suppose to have happened. I will
send everything I sent to other courts.

(Petition, Doc. No. 4, PageID 146-150.)   In addition to these claims, Mr. Chapman makes many

arguments in his forty-one page Reply which do not relate back to the claims in the Petition.

These will be dealt with below.


## Procedural History


Petitioner was indicted by the Hamilton County Grand Jury on two counts of felonious

assault on October 26, 2009 (Indictment, Exhibit 1 to Return of Writ).   Mr. Chapman claims that

he was not arraigned in open court and the record substantiates that claim; it shows that his

attorney signed on his behalf a waiver of his presence at arraignment.   *Id.* Exhibit 2.   Mr.

Chapman was convicted at a jury trial at which he testified and found guilty of both charges.   *Id.*

Exhibit 3.   The trial judge then merged both counts under the allied offenses statute, Ohio R. Code

§ 2941.25, and sentenced Mr. Chapman to the eight-year term from which he seeks release.   *Id.*

Exhibit 4.

Represented by new counsel, Mr. Chapman appealed to the Hamilton County Court of

Appeals raising the following assignments of error:

    1. The trial court erred to the prejudice of the defendant-appellant as there was insufficient evidence to convict.

    2. The trial court erred to the prejudice of the defendant because the verdict was against the manifest weight of the evidence.

(Argued Together) Issue Presented for Review and Argument
Where the evidence does not go beyond a reasonable doubt and does not show that the defendant committed a felonious assault, there is insufficient evidence to convict on the other charges.

    3. The defendant received ineffective assistance of trial counsel when counsel did not communicate with the defendant prior to trial, and failed to reny [sic] his Rule 29 Motion after the defense case in chief.

Issue Presented for Review and Argument
When defense counsel does not communicate with his client and fails to renew a Rule 29 motion, the defendant receives ineffective assistance.

    4. The court abused its discretion in denying the defendant's motion to dismiss.

Issue Presented for Review and Argument
Where a court simply dismissed a motion without a hearing or even a colloquy, the defendant's procedural Due Process rights have been violated and the court abuses it's [sic] discretion.

*Id.* Exhibit 6. The Court of Appeals affirmed the conviction. *State v. Chapman*, Case No. C-100473 (Ohio app. 1st Dist. Mar. 16, 2011)(unreported, copy at PageID 530-533.)  The Ohio Supreme Court declined to take jurisdiction of a subsequent appeal.  Mr. Chapman later filed an application for reopening under Ohio R. App. P. 26(B) to raise claims of ineffective assistance of appellate counsel, but failed to appeal to the Ohio Supreme Court from a denial of that application.

**Analysis**

Mr. Chapman has made many different claims at various stages of his criminal case as to why his conviction should be vacated and he should be released.   It is important at the outset of this Court's analysis to set out some fundamentals relating to habeas corpus practice which must form the basis of this Court's exercise of its jurisdiction in this case.

First of all, federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. §2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010)*;Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).    "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.   In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).   Even if this Court were to find that the state courts violated some Ohio statute or rule or even the Ohio Constitution, we do not have authority to grant relief on that basis.

Secondly, federal constitutional claims are not preserved for consideration in this Court unless they have been fairly presented to the state courts so that those courts can have an opportunity to cure any federal constitutional violations.   If a habeas petitioner has failed to fairly present any of his claims in the manner in which state rules require that they be presented, he may be held to have procedurally defaulted those claims.

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his
> federal claims in state court pursuant to an adequate

4

> and independent state procedural rule, federal habeas
> review of the claims is barred unless the prisoner can
> demonstrate cause of the default and actual prejudice
> as a result of the alleged violation of federal law; or
> demonstrate that failure to consider the claims will
> result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir. 2000).   That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977);  *Engle v. Isaac*, 456 U.S. 107, 110 (1982).   Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986);  *Engle*, 456 U.S. at 110;  *Wainwright,* 433 U.S. at 87.  *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).   *Coleman,* 501 U.S. at 724.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U. S. 72 (1977).   *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).   Failure to present an issue to the state supreme court on discretionary review constitutes procedural default.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).   "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423 (6th Cir. 2009), citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

With these principles in mind, the Court considers the claims made by Mr. Chapman.

**First Claim:   Insufficient Evidence**

Fairly read, Petitioner's Grounds One, Three, and Four, as well as the third sub-claim of Ground Two, all assert that Mr. Chapman was convicted on insufficient evidence.

A claim that a conviction is supported by insufficient evidence states a claim for relief under the Due Process Clause of the Fourteenth Amendment.   *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358   (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc).   In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt.   *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . .   This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007).   This rule was recognized by the Ohio Supreme Court in *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492 (1991).   Of course, it is state law which determines the elements of offenses; but once the State has adopted the elements, it must then prove each of them beyond a reasonable doubt.   *In re Winship, supra.*

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state court decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009).   In a sufficiency of the evidence habeas

corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and

then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v.*

*Palmer*, 541 F.3d 652 (6th Cir. 2008).   Just last month the Supreme Court reinforced this standard.

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith,* 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (*per curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting

*Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d
678 (2010) (slip op., at 5)).

*Coleman v. Johnson*, 566 U.S. ___, 2012 U.S. LEXIS 3943, 1-2 (U.S. May 29, 2012)(*per curiam).*

As the precedent makes clear, when a habeas corpus court considers a sufficiency of the
evidence claim, it cannot consider such arguments as Petitioner makes that there was contradictory
evidence about the color of the box cutter or whether the corroborating witness had a motive to lie,
etc.   There was evidence from the victim that his throat had been cut by Petitioner and there was a
corroborating hospital report regarding repair of the wound.   That is sufficient evidence whether
or not the victim, his throat bleeding, could accurately recall the color of the box cutter used.   The
trial jury, the trial judge in deciding the motion to dismiss, and the court of appeals all decided
there was sufficient evidence and this Court must defer to those findings.   Therefore the First,
Third, and Fourth Grounds for Relief and the third sub-claim of the Second Ground for Relief
should be dismissed with prejudice.


### Ground Two, Sub-claim One:   Presence at Arraignment


In his the first sub-claim of his Second Ground for Relief, Mr. Chapman claims that he was
not physically present at his arraignment.   As noted above, the record establishes the truth of this
factual assertion.   Petitioner's trial counsel signed a waiver of his presence and apparently the
arraignment occurred without his being there.

As explained in Ohio R. Crim. P. 10, arraignment consists of reading the indictment to the
defendant and calling on him to plead to it.   The Rule expressly provides the presence of the

defendant may be waived if a plea of not guilty is entered, which is what happened here.   Even when the defendant is present, he may waive a reading of the indictment and, in this judge's experience, that is very common.   When a defendant is literate, as Mr. Chapman clearly is, he can as easily read the indictment to himself as have it read aloud.   Because arraignments are usually a formality, even though required by the rules of criminal procedure, waiver of defendant's presence is well within the implied authority of a defense attorney, so there is no question that the waiver in this case is valid.

Perhaps more importantly, Mr. Chapman shows no prejudice from his absence, nor does he suggest any constitutional right which was violated by his absence.   The United States Constitution does not even require the States to provide for a grand jury, which is the body which issues indictments.   *Hurtado v. California*, 110 U.S. 516 (1884); *Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972); *Gerstein v. Pugh,* 420 U.S. 103 (1975); *Williams v. Haviland*, 467 F.3d 527 (6th Cir.   2006)(*Apprendi* does not change this result).   The first sub-claim under Ground Two should therefore be dismissed with prejudice.

### Ground Two, Sub-claim Two:   Speedy Trial Claim

In his second sub-claim in Ground Two, Mr. Chapman claims he sat in jail from October 2009 to July 2011[1] before he was brought to trial.   Presumably he intends thereby to claim he was denied a speedy trial as required by the Sixth Amendment.

This claim was first presented to the state courts as part of Mr. Chapman's application for reopening under Ohio R. App. P. 26(B).   The court of appeals concluded there was no violation of

---

[1]  This date is clearly in error; trial occurred in 2010.

the speedy trial right because all of the time between arrest and trial except for the first month was caused by continuances sought by Mr. Chapman, including substantial time caused by his changing counsel. The Supreme Court has developed a four-part balancing test to use in determining whether a defendant's right to a speedy trial has been violated: (1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant has asserted his right; and (4) prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 530-32 (1972). In this case in particular Mr. Chapman has not shown the delay was caused by anything other than his counsels' requests for continuances and he has not shown any prejudice. The second sub-claim of the Second Ground for Relief should be dismissed with prejudice.

## Petitioner's Reply

In his forty-one page Answer to the Return of Writ (Doc. No. 12), Petitioner makes many claims which are not separated as to the constitutional right allegedly violated or argued in any particular order. The Magistrate Judge recommends ruling on these claims, treated in the order in which they are made in the reply, as follows:

1. Failure to present videotape from the police cruiser which responded to the scene (Reply, Doc. No. 12, PageID 1067). This claim has never been raised before and is therefore procedurally defaulted. There is no proof that the content would be exculpatory.

2. Racial bias in jury selection. *Id.* at PageID 1068-1070. This claim has never been raised before and is therefore procedurally defaulted.

3. Failure to prove a weapon was used. *Id.* at PageID 1071. Evidence was presented from the victim that he was cut by Petitioner and the hospital record confirms that. See analysis

of the insufficient evidence claims above.

4. Claim under *Miranda v. Arizona*, 384 U.S. 436 (1966).  *Id.* at PageID 1073.  This claim has never been raised before and is therefore procedurally defaulted.  Moreover, Mr. Chapman was not convicted on the basis of any confession, but on the testimony of other witnesses.  *Miranda* warnings do not apply where a defendant consistently denied the offense, as Mr. Chapman has.

5. Ineffective assistance of trial counsel.  *Id.* at PageID 1076.  To the extent this claim is based on matter outside the record (e.g., counsels' failure to consult or failure to present evidence the defendant wanted him to present), this claim is procedurally defaulted by failure to present it in a petition for post-conviction relief under Ohio R. Code § 2953.21.

6. Error in admitting guilt phase evidence at mitigation phase.  *Id.* at PageID 1077.  The text of this claim supports the inference that Mr. Chapman has treated his chance to file a reply as a "shotgun":  there is no separate mitigation phase in a non-capital trial in Ohio.

7. Repeated speedy trial challenge.  *Id.* at PageID 1079.  Here Mr. Chapman relies on the speedy trial statute, Ohio R. Code § 2945.71.  As the court of appeals found, all of the time between arrest and trial was occasioned by motions for continuance filed on Mr. Chapman's behalf by his attorneys and there was therefore no violation of the Ohio statute.  But even if he had shown a violation of the Ohio statute, that would not entitle him to habeas relief because a habeas court can only enforce federal constitutional rights.

11

## Conclusion

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition for Writ of Habeas Corpus be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Mr. Chapman should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 15, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).