# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MAURICE CHAPMAN, SR.,
:
    Petitioner,                                              Case No. 1:11-cv-560

                                                      :         District Judge William O. Bertelsman
   -vs-                                           Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
  Institution,
:
    Respondent.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

      This habeas corpus case is before the Court on Petitioner's Objection (Doc. No. 18) to the Magistrate Judge's Report and Recommendations (Doc. No. 16) recommending that the Petition be dismissed with prejudice.  Judge Bertelsman has recommitted the matter to the Magistrate Judge for supplemental analysis (Doc. No. 19).

**Issues Raised in Objection**

      Mr. Chapman has not organized his Objection around the constitutional claims made in the Petition, but instead raises many issues in no particular order.   They will be dealt with *seriatim*.

1.      **Grand jury racial bias.**  Chapman claims the grand jury that indicted him was biased (Objection, Doc. No. 18, PageID 1130).   This claim was not raised in the Petition or in the state

courts and is therefore forfeited.

2.      **"Altered" waiver of presence at arraignment**.  Chapman believes the document waiving his presence at arraignment has been altered and that his attorney's signature does not appear on it.  (Objection, Doc. No. 18, PageID 1130.)  If one compares the signature on that form with Mr. Chapman's signature on the Objection, it appears Mr. Chapman himself signed the Waiver, whether or not his attorney manually signed it.  In any event, Mr. Chapman has shown no harm from an irregularity in this document.

3.      **Biased Petit Jury.**  Chapman claims he was not tried by a jury constitutionally constituted (Objection, Doc. No. 18, PageID 1131).  Mr. Chapman now says he believes the one African-American on the jury had worked with him.  *Id*.  at 1135.  As noted in the Report and Recommendations (Doc. No. 16, PageID 1124), this claim was never raised in the state courts and is therefore forfeited.

4.      **Authenticity of Court of Appeals Decision.**  Chapman claims it is a violation of law that the Respondent received a copy of the court of appeals' decision with judges signatures and a filed date, but his copy does not include those things (Objection, Doc. No. 18, PageID 1131).  The copy attached to the Return of Writ has the signature of Presiding Judge Penelope Cunningham and a file-stamp date of March 16, 2011 (Return of Writ, Doc. No. 10, PageID 515).  The Return of Writ was served on Chapman when it was filed with this Court, December 28, 2011.  *Id*.  at PageID 473.  Chapman makes no claim that the content of his copy is any different.  There is no due process violation in giving him notice of the court of appeals' decision by way of an unsigned

copy.


5.      **Ohio Supreme Court Jurisdiction.**  Chapman complaints that the Ohio Supreme Court improperly refused jurisdiction of his case (Objection, Doc. No. 18, PageID 1131).   No provision of the United States Constitution requires a state supreme court to exercise in any particular case the jurisdiction given it over a particular criminal appeal.


6.      **Speedy Trial Violation.**  Mr. Chapman again complains that his right to a speedy trial was violated (Objection, Doc. No. 18, PageID 1133).   As noted in the Report and Recommendations, the First District Court of Appeals found that every continuance granted by the trial court was requested ("procured" in the words of Ohio Revised Code § 2937.21) by defense counsel.  Mr. Chapman complains that all of these continuances were obtained by his attorneys and he did not agree to them (Objection, Doc. No. 18, PageID 1138).  An attorney undoubtedly has a duty to consult with the client regarding "important decisions," including questions of overarching defense strategy.  *Florida v. Nixon*, 543 U.S. 175 (2004), citing *Strickland*, 466 U.S., at 688.  That obligation does not require counsel to obtain defendant's consent to every tactical decision.  *Id. citing Taylor v. Illinois*, 484 U.S. 400, 417-418 (1988), holding that an attorney has authority to manage most aspects of the defense without obtaining his client's approval.  Certain decisions regarding the exercise or waiver of basic trial rights cannot be made by the attorney.  These include whether to plead guilty, waive a jury, testify in his or her own defense, or take an appeal.  *Id. citing Jones v. Barnes,* 463 U.S. 745, 751 (1983); *Wainwright v. Sykes*, 433 U.S. 72, 93, n.1 (1977)(Burger, C.J., concurring).  But the decision to seek a continuance so as to be prepared for trial is one that an attorney can make without the client's permission.  And in any

event, Chapman has shown no prejudice from the delay.

**7.     Insufficient Evidence.**  Mr. Chapman again claims he did not cut Mr. Turney, that all the State proved was "that Mr. Turney was unfortunately cut." (Objection, Doc. No. 18, PageID 1135).  As pointed out in the Report and Recommendations, Mr. Turney testified he was cut by Mr. Chapman and the jury unanimously and beyond a reasonable doubt believed him (Report and Recommendations, Doc. No. 16, PageID 1122).

**8.     Ineffective Assistance of Appellate Counsel.**  Mr. Chapman now complains that his appellate attorney, Hugh McCloskey, provided constitutionally ineffective assistance (Objection, Doc. No. 18, PageID 1136).  This claim was never made in the state courts and is therefore procedurally defaulted.

**9.     Prosecutorial Misconduct.**  Mr. Chapman claims the assistant county prosecutor who tried the case, Mr. Nelson, deliberately presented perjured testimony from the victim, Mr. Turney, and improperly put Mr. Chapman's prior conviction before the jury (Objection, Doc. No. 18, PageID 1140)[1].  This claim is also forfeited because it was never presented to the state courts.

Having considered Petitioner's Objection, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Mr. Chapman should be denied a certificate of appealability and the

---

1 Mr. Chapman also claims his prior conviction for aggravated arson was false (Objection Doc. No. 18, PageID 1141).

4

Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis.*

August 2, 2002.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).